CONQUEST *et al.* v. BARNES *et al.*

(*Supreme Court, General Term, First Department.* January 28, 1889.)

PLEADING—AMENDMENT—MOTION TO STRIKE OUT—NOTICE OF TRIAL.

Under Code Civil Proc. N. Y. § 542, providing that if it is made to appear that a pleading was amended for the purpose of delay, and that the adverse party will lose the benefit of the term for which the cause is noticed, the amended pleading may be stricken out, an amended pleading cannot be stricken out where the notice of trial has been returned because not properly subscribed with the attorney's post-office address, and where the notice is not alleged to have been improperly returned.

Appeal from special term, New York county.

Action by John A. Conquest and another against Frederick E. Barnes and another. Defendants appeal from an order striking out an amended answer, with costs, on the ground that it was made for the purpose of delay, whereby plaintiffs would lose the benefit of a term. The provision of the Code in question will be found in section 542.

Argued before VAN BRUNT, P. J., and DANIELS and BARTLETT, JJ.

*H. Y. Stillman,* for appellants. *M. D. Curtis,* for respondents.

VAN BRUNT, P. J. The difficulty with the order in the present case seems to be that there was no proof before the court that by the amended answer the plaintiffs were rendered liable to lose the benefit of a term. The provision of the Code is that in the case of an amended pleading, if it is made to appear to the court that the pleading was amended for the purpose of delay, and that the adverse party will lose the benefit of the term for which the case was noticed, the amended pleading will be stricken out. At the time of the making of this motion the case had not been noticed for trial for any term. It is true that there had been an attempt to notice it for the June term, but that notice of trial was returned by the defendants on the ground that the post-office address of the attorney for the respondents was not properly subscribed thereon, and therefore because of this irregularity the cause has never been noticed; because the provision of the Code undoubtedly means that it should be noticed, so that the party serving the notice can move the case at the term. It is not claimed on the part of the respondents that the defendants were not correct in their practice in returning the notice for the omission mentioned, and for this reason, the case not being noticed, one of the elements necessary for the exercise of this power by the court was absent, and the making of the order was error. The order should be reversed with $10 costs and disbursements. All concur.

[1] 3 N. E. Rep. 497.